The Due Process Clause of the 14th Amendment forbids state officials from using excessive force against pretrial detainees and requires them to provide adequate medical care to those who need it. The defendants in this case violated both of these requirements when they attacked Mr. McFarlin, a 74-year-old pretrial detainee, and then refused to treat his injuries. The district court, however, dismissed Mr. McFarlin's Section 1983 claims, sua sponte, on a purported pleading deficiency before any responsive pleading had been filed. That dismissal was error for at least three reasons. First, the complaint states a claim for excessive force and inadequate medical care. Second, the rule against collective pleading, on which the district court grounded dismissal, does not apply here. And third, dismissal with prejudice was improper because the complaint, even if deficient, was curable. First, Mr. McFarlin stated a claim for excessive force. Force against pretrial detainees is excessive if it is objectively unreasonable. Mr. McFarlin here alleges that he was seated in a chair waiting to be booked, minding his own defense, without provocation, forcibly picked him up from his chair and threw him against the wall at first. The cases in this circuit make clear this kind of unprovoked attack against a suspect who is not exhibiting any sort of aggression and is not resisting arrest is subjectively unreasonable. In fact, the state concedes this point by not challenging it in their briefing. Instead, the state argues that Mr. McFarlin failed to properly plead his claims against each of the officer defendants individually. But that argument fails for a couple of reasons. First, the complaint does not rely on collective pleading. At excerpts of records 69 to 70, Mr. McFarlin alleges, Mr. McFarlin names both of the officer defendants individually and alleges that they, acting together, pulled him out of his chair and threw him against the wall. He does not use a collective reference to the defendants in this case. That is not collective pleading. That is, in fact, the most natural way to allege that two defendants acting in concert committed the same act. If I wanted to say that three of you went to ice cream, I wouldn't say Judge Bea went to ice cream and Judge Wardlaw went to ice cream. I would say Judge Bea and Judge Wardlaw went to ice cream. That's the way people talk. And that's the way he made his allegation here. I think the relevant cases also illustrate the difference between Mr. McFarlin's common sense pleading and the kinds of collective pleading that courts have found warrant dismissal. The state and the district court rely on the same two cases, Marcillus and Robbins. Those cases hold that collective pleading justifies dismissal, where it deprives a defendant of fair notice of the claims against them and the grounds on which they rest. Marcillus involved nine defendants and Robbins involved 16. And in both cases, there were defendants against whom no specific allegations were made. The courts therefore held that those defendants did not receive fair notice of the claims against them. In other words, in a case with 16 defendants, in the case of Robbins, you can't say defendants failed to protect the plaintiff for the facts in Robbins and expect each individual defendant to know exactly what it is you're accusing them of doing. What did they do to violate the plaintiff's constitutional rights? Without that sort of notice, collective pleading is an issue, but here you don't have that sort of notice issue. Mr. McFarlin alleges his claims against two defendants who are both plausibly alleged to have acted in concert when they threw him against the wall. And in fact, when reading this complaint, both defendants would know exactly what the claims are against them and the grounds on which they rest. And for that reason, it was error for the district court to dismiss on this ground. Mr. Beck, may I ask you a factual question? Sure. Was Mr. McFarlin seen by any medical staff at any time? He apparently met with some sort of medical staff person the day after. From the complaint, it appears that he sought them out and was refused any sort of medical attention on the ground that he could not pay for. That's what he alleges in his complaint. All right. And was this at a different facility? It was. He was transferred. It was at a different... According to the complaint. According to the complaint. That's right. And another question for you now that he has representation, and by the way, thank you and your firm, Jones Day, for taking on this case pro bono. My pleasure. Would he be able to amend his complaint at this time to allege additional facts? I believe he would, Your Honor. In fact, that's exactly what we argue. I think even if this court thinks that he didn't allege enough facts to state claims, you know, the standard in this circuit is that unless it's absolutely clear that he couldn't state a claim by alleging more facts, a leave to amend should have been granted. And I think in this case, it's pretty clear, you know, if the court wants him to allege facts individually against each defendant to the extent he can, you know, he can do that. He can rewrite the complaint to satisfy that rule if the court thinks he needs to. And same thing with the inadequate medical care claims. If he needs to say more symptoms, for instance, exactly what he was suffering from, he can do that. So I think at the very least, leave to amend should be granted from this following year. Thank you. Your Honor, I'd like to move on to the inadequate medical care claim. Mr. McFarland also stated the claim for inadequate medical care. To state such a claim, a plaintiff needs to show that defendants acted with deliberate indifference to his serious medical needs. And state officials exhibit deliberate indifference when they deny, delay, or intentionally interfere with the prisoner's medical treatment. And that's exactly what he alleges. He alleges that the two officer defendants caused his injuries, could see a lump on his forehead, and he expressly asked them for medical care. And they refused. This is textbook deliberate indifference. No reasonable officer under the circumstances would have denied medical treatment to a man in his seventies following a head injury. He should have at least been seen by a doctor. And the fact that he wasn't violated his constitutional rights. The correctional health staff defended the exact same thing. Mr. McFarland told him or her it's not fair to complain exactly what happened and he or she refused medical treatment on the ground that he couldn't pay for. That again, violated his constitutional rights. I have one minute left, Your Honor, before I'd like to reserve the last two minutes. So I'll say a quick word on the group liability theory. I think even if this court holds that Mr. McFarland pleaded collectively against the officer defendants, it could still hold that he succeeded on his claims under a group liability theory. Under that theory, a plaintiff can succeed on a claim against multiple defendants if he shows that those defendants were integral participants in the alleged constitutional violation. So the question obviously is what is integral participation? This court's case law shows that physical contact between the plaintiff and the defendant, alleging physical contact is enough to establish integral participation. I would point this court's attention to the Lawley case. That case was a prison beating case in which the plaintiff was able to allege that he was punched, kicked and hit with a baton, but he didn't know what officers did what. And under those circumstances, the court held that him alleging enough facts to say that they made physical contact with him made them integral participants in the alleged constitutional violation. And therefore his claims could succeed notwithstanding any sort of collective pleading issues. I think I'll save the rest of my leave to amend points for the rebuttal, but with that, we would urge this court to reverse the dismissal or in the alternative, vacate and remain with instructions to grant leave to amend. Thank you. Thank you, counsel. Ms. Jessen. Good morning, Your Honor. Katherine Jessen for Amicus Arizona Attorney General's Office. Today, I plan to discuss and provide additional guidance to the court on two main issues. First is that the district court correctly determined that Mr. McFarland had failed to state a claim for an adequate medical care based on the group liability theory. And second, leave to amend was not required here. In the proceedings below, Mr. McFarland appeared pro se and under this court's precedent as a pro se prisoner, he was entitled to a liberal reading of his pleadings and the assumption that all facts in the complaint are true. However, even under a liberal reading and assuming the veracity of all facts in his complaints, Mr. McFarland did not meet his burden and stated a claim for an adequate medical care as to defendants' John Doe medical staff. This is because McFarland did rely on a group liability theory and he did not make any effort to attribute specific facts to individual defendants despite the district court's repeated instructions to do so. And specifically at ER 23 and 54, the district court specifically asked Mr. McFarland to state exactly what that defendant did or did not do. And we feel that this is a very clear instruction that McFarland did not follow. First, as to defendants' John Doe medical staff, which I will refer to them as medical staff for purposes of this argument, Mr. McFarland's group liability theory fails under Chuman v. Wright. In Chuman, this court defined the contours of individual liability where a plaintiff's claim is based on the individual agent's membership in a group. This standard requires a plaintiff to make a showing that that individual individual agent's participation occurred during the unlawful conduct. Similarly, we do rely on Marcillus and Robbins to provide further guidance on what a plaintiff needs to show in his complaint in order to adequately provide notice to individual members in a group. In Marcillus, the Sixth Circuit found that an amended complaint fails when it is simply a generalized pleading that refers to all defendants generally and categorically. Similarly, in Robbins, the court found that a collective reference to a group of defendants did not provide adequate notice to individual defendants as to what particular acts they are alleged to have committed. Here, with respect to the medical staff, McFarland has not sufficiently alleged individual participation in the unlawful conduct. Mr. McFarland references the medical staff as they and them at multiple points throughout his first amended complaint. Yet in the district court's order dismissing his first amended complaint and granting him leave to amend, the district specifically highlighted this as a deficiency to address in the second amended complaint. The district court's order questioned whether medical staff referred to one or more to state exactly what each defendant did or did not do. McFarland did not cure or address the simple deficiency. Ms. Jessen, would you be satisfied if Mr. McFarland had alleged that he was turned down when asked for medication by Mr. Doe 3, a member of the staff? Yes, I think at least. Why shouldn't he be allowed to do that? I think the reasoning is that the district court was pretty specific in more than one instance that he had failed to address this issue and in looking at the court's precedent as far as when district courts can properly dismiss complaints without leave to amend. One of the factors that is considered is a repeated failure to cure those deficiencies. And here he was appearing pro se before the district court. Correct. 74 years old, now he's probably older. And he was an ex-con, right? He was in jail for some reason, right? I believe so. I'm not entirely sure if he had been arrested prior to this incident in the complaint. Sorry, continuing with the leave to amend issue. I think that the group liability theory that Mr. McFarland needed to meet in order to move his complaint along isn't necessarily very complicated or onerous. He could have simply stated, like, if he had seen one medical professional, I think his complaint would have met the district court's concerns if he could have said, I saw John Doe Medical Staff 1. And if he had seen two, then he could say, I saw John Doe Medical Staff 1 and then later saw John Doe Medical Staff 2. And both John Doe Medical 1 and John Doe Medical Staff 2 both denied him medical care. I think that that would have been sufficient to get him over to address the district court's concerns in this instance. You certainly laid out what he has to do if this case gets remanded to allow him to plead again. So thank you for that. No problem. So based on based on this, we do feel that the group liability theory as to medical staff, John Doe Medical Staff was insufficient to make a claim and that the district court correctly concluded that and dismissed that claim. We also, as I previously said, the district court did not err in denying McFarland leave to amend for a third time. While he does have as a pro se prisoner have the benefit of the courts providing liberal opportunities and granting leave to amend pleadings, leave to amend is not necessarily an unlimited right or opportunity for pro se prisoners. And so, again, emphasizing that he had specific instruction from the district court to address these deficiencies and he did not seem able to do so. We believe that the district court correctly dismissed his second amended complaint without leave to amend. With that, if there are any other questions, I'm happy to answer them from the court. I have a question. Yeah. You hear me OK? I had some technical problems yesterday, so I'll be shooting. When both defendants are alleged to have participated, John Doe one and two, the same acts such as picking up the inmate, Mr. Wall. How does that not meet the minimum notice pleading standards to allege that they acted together? As to the excessive force claim, your honor, I think that the allegations again, the district court did provide specific instructions that that the court wanted a little bit more specificity. And as to like as to the merits of whether he did did or did not state an excessive force claim, since we are appearing as amicus, we are cautious to we didn't we chose not to defend on the merits in the event because we are not a party below. And we are also not in the event this does get remanded. We wouldn't be a party to the case. And after reviewing the briefing, we decided to defend the areas that we felt were the most defensible of the district court's order. And that's why I asked the question about that representation. So why is it typical for the Arizona attorney general to represent the county sheriff in Arizona? I my knowledge is I don't have an answer for that, your honor. I apologize. We. I to my knowledge, we don't, but I would have to look into that to provide you an accurate answer. All right. I was just curious why the sheriff should be. I mean, like my understanding is there would be, for example, in California, there would be county council or. I don't. Not clear to me why we're in this posture, but I respect your answer to Judge Cain that you as amici chose to defend certain aspects, but not other aspects. Thank you, your honor. If there are no further questions, as amicus, we respectfully ask the court to affirm the district court's dismissal of Mr. McFarland's second amendment complaint. Thank you. Thank you, counsel, Mr. Beck. Thank you, your honor. So just two quick points. First, on the inadequate medical care claim, his inadequate medical care claim doesn't rely on collective pleading or a group liability theory. I would point this court's attention to a couple of spots in the complaint. First, at Exeter Records 68, where he lists the defendants, he lists the officer defendants as separate defendants, but then he lists the correctional health staff defendant as a single defendant. He also, at least twice in the complaint, at Exeter Records 70, specifically lines 21 and 23, he refers to that defendant in the singular. The district court actually didn't even dismiss on this ground. The district court held that it was unclear whether he was referring to one or multiple defendants. And for the reasons I just stated, I don't think it's unclear, but if it is required to interpret the complaint in the light most favorable to Mr. McFarland, which here is to interpret it as a single person. On the leave to amend issue, very quickly, Mr. McFarland has a long list of amendments that he made in specific response to court instruction, and we lay them all out in our brief. I think that shows that he was willing and able. He was giving it a sincere effort. But again, this is a pro se plaintiff, a guy who's incarcerated, has limited access to resources. I would say, you know, he amended twice. But if the district court thought that he wasn't quite there yet, it should have given him another chance to amend. And in fact, that's exactly what this court's case law requires. With that, Your Honor, again, I would urge this court to reverse or the alternative, vacate and remand with instructions to grant leave to amend. Thank you. Thank you. It seems you've done that. And thank you. And thank you again. Mr. Beck was a former clerk of mine. Oh, was he? Well, he did an excellent job. He had a good teacher. So, Mr. Beck, thank you and your firm, Jones Day, again, for the pro bono representation. And Ms. Jessen, thank you and Attorney General for stepping down to come argue this before us as well. McFarland versus Pinzone is submitted and we will take up Orion Wine Imports versus Appelsmith.
judges: Wardlaw, Bea, Cain